■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEUVENIA SMITH, Appellant.—Appeal by defendant, as limited by her motion, from a sentence of the County Court, Westchester County, imposed June 28, 1978, upon a conviction of assault in the second degree, on a jury verdict, the sentence being an indeterminate prison term not to exceed three years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to the time already served, with defendant to be continued on probation for a period of five years, less the time already served, and case remanded to the County Court to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Under the circumstances of this case we believe the sentence was excessive to the extent indicated herein. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VAN DYKE SMITH, Respondent.—Appeal, as limited by the People's brief, from so much of an order of the Supreme court, Kings County, entered January 5, 1978, as, after a hearing, granted defendant's motion to suppress certain oral statements made by him after his arrest. Order affirmed insofar as appealed from. In our view, the statements suppressed by Criminal Term were the "fruit" of defendant's concededly illegal arrest and contemporaneous search and were not, therefore, admissible in evidence against him (see *Brown v Illinois,* 422 US 590; *People v Stewart,* 41 NY2d 65, 70). *People v Martinez* (37 NY2d 662) is distinguishable on its facts. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.